## Commonwealth ex rel. Burnett v. Wilson

*Warren Keck, III,* for petitioner.

*Edward M. Bell,* for respondent.

ACKER, J., April 17, 1970.—The matter for determination is upon a writ of habeas corpus and involves whether a "detainer" from a district magistrate of the County of Mercer is to be honored by the Warden of the Mercer County Jail.

## FINDINGS OF FACT

1. Defendant, George Burnett, Jr., was placed in the Mercer County Jail on January 6, 1970, due to his inability to raise bond on four counts of forgery and one count of larceny.

2. Two charges were filed against petitioner, George Burnett, Jr., for a violation of The Game Law by George Badger, a game protector of the Commonwealth of Pennsylvania, on February 5, 1970.

3. When the district magistrate learned of the confinement of petitioner in the Mercer County Jail, she prepared and sent to the Warden of the Mercer County Jail, Harry Wilson, a "detainer." It purports to "command and require you, the said keeper, to detain and keep the body of the said, George Burnett, Jr., that he may not from henceforth depart until he shall have been brought before me the undersigned, one of the district magistrates. . ." The "detainer" further states, "and for your so doing and the keeping and detaining of the said George Burnett, Jr., this shall be your sufficient warrant."

4. No summons or warrant of arrest had been issued as of the hearing of this matter by this court on Thursday, March 26, 1970, upon the charges of violations of the game laws.

5. On March 20, 1970, petitioner was sentenced by this court to 6 to 23 months for each of the four counts of forgery to be served concurrently. The charge of larceny was nolle prossed. The sentence of confinement was suspended, and defendant placed as a special parole case with the Parole Board of the State of Pennsylvania to be transferred to the State of Texas where defendant has persons living who were interested in his welfare.

6. After the sentence and instructions to the Warden of the Mercer County Jail to release defend-

ant, the court was informed that the above-mentioned "detainer" had been placed against him.

7. No arraignment, preliminary hearing or other hearing of any type was ever held upon the charges emanating from the office of the district magistrate.

8. Petitioner had knowledge of some form of detainer lodged against him while he was lodged in the Mercer County Jail, but did not know for what purpose, upon what charge or from what district magistrate or jurisdiction the detainer may have come.

9. If the defendant had pleaded guilty or been found guilty of the charge or charges of a summary nature placed against him with the district magistrate, he could have been fined a total of $40 and $11 costs and could have been serving time in a jail in lieu of payment of the fine and costs and could have been given a hearing during the time that he was unable to raise bond in the Mercer County Jail.

10. The practice of issuing detainers in Mercer County is of long standing by justices of the peace to the Warden of the Mercer County Jail. The forms are provided by a publishing company supplying forms to the district magistrates throughout the State. The district magistrate had not been informed by any court that the action of such detainers was improper or illegal, nor had her authority to do so previously been questioned.

The fact that a person may subsequently be released on bond after being in custody at the time of the filing of a petition for a writ of habeas corpus does not defeat the action: Goldberg v. Hendrick, 254 F. Supp. 286, cert. den. 385 U. S. 971, 87 S. Ct. 507, 17 L. Ed. 2d 434 (1966). Detainers are provided for by the Act of September 8, 1959, P. L. 829, sec. 1, 19 PS §1431, solely by the States of the United States which subscribe to an interstate agreement. Pursuant to this statute, any prisoner who has an untried indict-

ment, information or complaint lodged against him, which is the basis of a detainer, may cause to be delivered to the prosecuting officer and the appropriate court of that jurisdiction written notice of his place of imprisonment and his request for a final disposition to be made. The matter must then be brought to trial within 180 days. By so doing the prisoner is deemed to have waived extradition. If a trial is not held within that period, the court shall enter an order dismissing the matter with prejudice. As to untried prisoners, the Act of June 28, 1957, P. L. 428, sec. 1, 19 PS §881, requires that any person who has entered upon a term of imprisonment in any county jail, who gives notice in writing to the district attorney of the county in which an indictment is pending, has the right to be tried within 180 days thereafter. The failure to try such a defendant without good cause results in a dismissal of the action against him with prejudice.

The Act of April 23, 1909, P. L. 141, sec. 1, 19 PS §4, permits sheriffs, constables, members of State constabulary or other persons authorized by law to make arrests to have the use of county prisons for 48 hours for detention of prisoners until the matters can be disposed of according to law, if found necessary by the officer in charge.

There can be no doubt that a prisoner has the same right to be notified of charges which have been lodged against him and to have a hearing under due process of law as a more fortunate defendant who is on the public street. By the Pennsylvania Rules of Criminal Procedure commencing with rule 102, et seq. the forms and processes to be followed in the institution of criminal proceedings are set forth in detail. By rule 107,[1] dealing exclusively with sum-

---

[1] Rule 107 of the Procedural Rules, effective May 1, 1970, is identical while rule 109 is changed from not less than three nor more than 10 days to not less than 20 days.

mary offenses, the issuing authority is required to use a summons and not a warrant of arrest except if a summons has been disobeyed by defendant, been returned undelivered or if defendant is unknown or a nonresident or he has reasonable grounds to believe that defendant will not obey the summons.

By rule 109, the summons commands defendant to appear at a stated time not less than 3 nor more than 10 days from the service of the summons. That summons may be served, according to rule 111, personally upon defendant or by registered mail. A copy of the complaint is to be served with the summons. Therefore, it can be seen that the entire thrust of the procedural rules as to summary offenses is to advise defendant in detail of the charges against him and to grant him a hearing within the statutorily prescribed period. What reasons may legitimately be advanced to deny a person who was incarcerated because he cannot raise bond on a felony the opportunity to be heard upon summary offenses? There is no statutory authority for such conduct, nor, in the interest of basic justice and fair play, should there be such in the instant case. If defendant had been properly notified of the charges pending against him, he could have requested a hearing, been transported from the Mercer County Jail by a constable or the sheriff to that hearing.[2] If he had been found guilty and did not

---

[2] The Act of February 18, 1785, 2 Sm. L. 275, sec. 12, 12 PS §1887, provides for removal from a jail or prison by a writ of habeas corpus or other legal writ where a prisoner is delivered to a constable or other inferior officer. It has been the practice in Mercer County for the courts to enter an order upon request by a justice of the peace directing that the warden release the prisoner into the custody of the sheriff or constable or other inferior officer solely for the purpose of the hearing and to be returned immediately to the jail thereafter. This practice could have, and should have, been followed in this case.

have sufficient funds to pay the fine and costs, he could have been serving that imprisonment in the Mercer County Jail simultaneously with his incarceration for inability to raise the bond. Rather, the court and defendant discovered after his sentence had been suspended and he was placed as a special parole case with the State Parole Board that he really wasn't free at all because of the failure to notify him of charges pending against him. That injustice must be remedied.

Wherefore, the prayer of petitioner to be discharged from custody is granted.

### ORDER

And now, April 17, 1970, after the receipt of testimony and upon consideration of the petition for a writ of habeas corpus, the relief prayed for therein is hereby granted. Defendant is released from the "detainer" lodged against him by the justice of the peace and from all obligations upon a bond posted by defendant for appearance before this court.